# UNITED STATE DISTRICT COURT
## IN AND FOR MIDDLE DISTRICT OF TAMPA FLORIDA

**CARLOS RAMOS**
    Plaintiff,

v.

**MERRITT WELLNESS CENTER**
    Defendant,
_____/

CASE NO.

8:17cv1987 36 TBM

TRIAL BY JURY

## COMPLAINT FOR STATUTORY DAMAGES UNDER 47 U.S.C. 227 et. seq., THE TCPA. TRIAL BY JURY

### INTRUDUCTION

The **Telephone Consumer Protection Act (TCPA)**, 47 U.S.C. 227 was established in 1991. The intent of Congress was to protect the privacy interest of telephone subscribers by restricting unsolicited telemarketing texts/calls, particularly, by calls/text using an automatic telephone dialing systems (ATDS).

Senator Fritz Hollings, the original bill's sponsor, stated:

> *"calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall.... These calls are a nuisance and an invasion of our privacy." (Congressional Record – Senate Proceedings and Debates of the 102nd Congress, First Session. July 11, 1991, 137 Cong. Rec. S9840, S9874.)*

1. Carlos Ramos (referred to RAMOS or Plaintiff) bring this action for damages, injunctive relief, and any legal or equitable remedies resulting

Page 1 of 8



from the illegal actions of **Merritt Wellness Center (MWC)** and any third party action in behalf of MWC, and its related entities and agents in negligently, knowingly, and/or willfully texting RAMOS with unsolicited and unlawful marketing material to plaintiff's cellular phone in violation of the TCPA and the Telemarketing Sales Rule (16 CFR Part 10), which among other, makes it illegal for a telemarketers to send, in this case, unsolicited text messages to a consumer has registered the number in question with the National "Do-Not-Call" registry.

2. The TCPA was designed to prevent calls/text messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 744 (2012).

3. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call...." Id. at §§ 12-13. See also Mims, 132 S. Ct. at 744.

4. The Federal Communication Commission ("FCC") has made rulings regarding the TCPA's vicarious liability standards as it relates to

telemarketing. As early as 1995, the FCC stated that "[c]alls placed by an agent of the telemarketer are treated as if the telemarketer itself placed the call." See In re Rules and Regulations Implementing the TCPA of 1991, 10 FCC Rcd. 12391, 12397 ("The 1995 Ruling.").

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction because this case arises out of violation of federal law. See 47 USC 227; See Mims v Arrow Fin, Services,. LLC 132 S.Ct. 740 (2012).

6. Venue is proper in the USDC Middle District of Florida pursuant to 28 USC §1391(b)(1) and 28 USC §1391(b)(2) because the unlawful text messages were received by RAMOS, a citizen, who lives within the jurisdiction of this Court.

## PARTIES

7. RAMOS is an individual and a citizen of the State of Florida.

8. Upon information and belief, MWC is and was at all times a business entity duly formed under the laws of the State of Texas with a place of business located at 5750 Balcones Drive Suite 106 Austin, TX 78731.

## FACTUAL ALLEGATIONS

9. On July 23, 2017, July 25, 2017 and July 30, 2017, unsolicited marketing text messages were received at RAMOS' personal cellular phone.



10. Upon information and belief, the above-unsolicited text messages were sent from a (814) 754-2097, (814) 436-0504, and (215) 458-1390; the three (3) unsolicited marketing messages were generic in nature and sent "*en masse*".

11. The (3) unsolicited text messages were transmitted by way of an Automatic Telephone Dialing System (ATDS), with the <u>*"capacity"*</u> to dial numbers randomly and/or sequentially or from a list of numbers, without human intervention.

12. All (3) unsolicited marketing text messages contained a generic message which included a link to a website that contained an audio/video presentation promoting merchandise and or a service provided by the Defendant.

13. RAMOS asserts that he has never had any contact or any previous relationship with MWC, nor has RAMOS given his prior express written consent to receive wireless SPAM to his cellular phone from MWC.

14. All three (3)-text messages did not include the legally required opt-out option.

15. RAMOS asserts that his personal cellular number has been registered in the National and the Florida "do-not-call" registry since April 2014.

16. The (3) unsolicited text messages used RAMOS' limited cell phone storage capacity, depleted the battery's charge, and made RAMOS waste time.

17. The (3) Text messages invaded RAMOS' privacy since the plaintiff wishes to avoid this type of wireless SPAM, the reason why RAMOS registered his number with the National and Florida "do-not-call" list.

## COUNT I

18. RAMOS incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

19. The foregoing acts of Defendant and/or an agent acting on their behalf, constitute multiple negligent, willful and/or knowingly violations of the TCPA (47 U.S.C. 227 *et.seq.*)

20. As a result of the Defendant's or an agent acting on his behalf, unlawful and negligent, willfully and/or knowingly acts, multiple violations of the

TCPA, plaintiff is entitled to an award of 500.00 in statutory damages per each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

## COUNT II

21. Plaintiff incorporates by reference all the above paragraphs as fully stated herein.

22. Plaintiff request that this court awards treble statutory damages, as per 47 U.S.C 227(b)(3), for all willful and/or knowingly violations done per MWC and/or its agents.

## COUNT III

23. RAMOS incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

24. Plaintiff request that this court finds and awards plaintiff statutory damages for defendant's violations of the Telemarketing Sales Rule (TSR) (47 C.F.R. § 64.1200 *et.seq.*)

25. Under the FCC's rules, no seller or entity telemarketing on behalf of the seller can initiate a telephone solicitation to a residential or cellular telephone subscriber who has registered his or her telephone number on the national "Do-Not-Call" registry.

26. A safe harbor exists for an inadvertent violation of this requirement if the telemarketer can demonstrate that the violation was an error and that its routine practices include:

- Written procedures

- Training of personnel.

- Maintenance of a list of telephone numbers excluded from contact.

- Use of a version of the national "Do-Not Call" registry obtained no more than three months prior to the date any call is made (with records to document compliance).

- Process to ensure that it does not sell, rent, lease, purchase, or use the do-not-call database in any manner except in compliance with regulations. [47 CFR 64.1200(c)(2)(i)].

## COUNT IV

27. Plaintiff prays that this court order the Defendant to refrain from further violating the before-mentioned statutes and regulations.

28. Any other relief that this court finds just.

Respectfully Submitted,

Carlos Ramos
6168 Layton Ave.
Spring Hill, FL 34608
charlie.ramos@gmail.com